FILED
Sep 30, 2019
03:19 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| HOLDEN LEE, | ) | Docket No.: 2018-04-0339 |
| Employee, | ) | |
| v. | ) | State File No.: 87144-2018 |
| | ) | |
| HOMETOWN MOVING CO., LLC, | ) | Judge Robert Durham |
| Uninsured Employer. | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

The Court conducted an expedited hearing on September 26, 2019, to determine whether Hometown is obligated to pay expenses for emergency treatment Mr. Lee received following an alleged work-related accident.[1] The Court holds that Mr. Lee is likely to prove that he suffered a compensable injury and that Hometown's owner, Michael Zappavigna, authorized him to seek emergency care through workers' compensation. Thus, Hometown is obligated to pay the emergency treatment expenses.

### History of Claim

On February 17, 2018, Mr. Lee worked as a mover for Hometown, located in Woodbury, Tennessee. Hometown had more than five employees at the time. While loading furniture into a truck in Georgia, Mr. Lee slipped and fell off the back, hitting the ground on his left side. He cried out in pain, and Mr. Zappavigna, Hometown's owner, came over to assist him. They returned to Mr. Zappavigna's home. Mr. Lee, in excruciating pain up and down his left side and barely able to move, stayed the night there.

The next day, Mr. Lee was bruised on his left side from his knee to past his hip, and was in intense pain. He informed Mr. Zappavigna that he needed to go to the hospital because he was afraid he had broken something. Mr. Zappavigna encouraged him to go and to tell the hospital it should be paid through worker's compensation. He

---

[1] No one appeared at the Expedited Hearing on behalf of Hometown.

1

assured Mr. Lee that Hometown would be responsible for the bill.

Mr. Lee went to Cookeville Regional Medical Center's emergency room where he underwent a series of x-rays and was assured that nothing was broken. He did not miss any appreciable time from work and has since fully recovered. Although Mr. Zappavigna repeatedly assured him that Hometown would pay the emergency room bill, it remains unpaid.

### Findings of Fact and Conclusions of Law

Mr. Lee must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The uncontroverted evidence establishes that Mr. Lee is likely to prove at trial that Hometown employed him and at least four other employees on February 19, 2018. Based on this fact, Mr. Lee is entitled to workers' compensation benefits from Hometown for any injury causally related to his employment. *See* Tenn. Code Ann. §§ 50-6-102(12) and (13). The Court further finds that Mr. Lee is likely to prove that he sustained a work-related injury on February 19, and that he provided timely notice to Hometown. Thus, the Court holds that Hometown was obligated to provide medical care for treatment of Mr. Lee's injuries. Tenn. Code Ann. section 50-6-204 (a)(1)(A).

The Court also finds that Hometown, through its owner, Mr. Zappavigna, authorized Mr. Lee to seek emergency care by advising him to go and assuring him that Hometown would pay the bill through workers' compensation. Medical treatment recommended by an authorized physician is presumed to be reasonable and necessary for the work-related injury. Tenn. Code Ann. section 50-6-204(a)(2)(H). Thus, the Court finds that Homecare authorized Mr. Lee's emergent treatment and holds that Hometown shall pay those expenses.

IT IS, THEREFORE, ORDERED that:

1. Hometown shall pay Mr. Lee's emergency room expenses in the amount of $816.47 to Cookeville Regional Medical Center on February 19, 2018, for treatment of Mr. Lee's work-related injuries.

2. This case is set for a Scheduling Hearing on **November 7, 2019**, at **10:30 a.m. Central Time**. The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate. Failure to call in might result in a determination of the issues without your further participation.

2

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED September 30, 2019.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Medical bill
2. Mr. Lee's affidavit

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order on Show Cause Hearing
4. Request for Expedited Hearing
5. Notice of Expedited Hearing

## CERTIFICATE OF SERVICE

A copy of the Expedited Hearing Order Granting Medical Benefits was sent as indicated on September 30, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Holden Lee | X | | | 1475 Dyer Creek Road Cookeville, TN 38501 |
| Hometown Moving Co., LLC | X | | | c/o Michael Zappavigna 109 Parker Street Woodbury, TN 37190 |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**